IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOCELYN NANETTE KNOTTS, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF KENNETH WAYNE KNOTTS, DECEASED, AND KENITH PRICE, LADONNA BLANCHARD, INDIVIDUALLY AND AS NEXT FRIEND OF K.W.K. AND L.U.K., MINOR CHILDREN<br>*Plaintiff,*<br><br>v.<br><br>THE UNIVERSITY OF TEXAS SYSTEM AND JOHN DOES #1-10<br>*Defendants.* | CIVIL ACTION No. 3:23-CV-02369 |

**THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER'S MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER**

### I.     BACKGROUND

This lawsuit complains of constitutional violations by "John Does" allegedly involved in the death of Mr. Kenneth Knotts on November 29, 2022. On January 29, 2024, The University of Texas Southwestern Medical Center ("UTSMC")[1], third parties to this claim, was served with two *subpoenas duces tecum* commanding a custodian of records to produce various documents and tangible things related to this action.

### II.     MOTION TO QUASH ASSERTING SOVEREIGN IMMUNITY

UTSMC, as an arm of the state, asserts its sovereign immunity and moves to quash the third-party subpoenas served upon it by Plaintiffs.

---

[1] Plaintiff served two different subpoenas, one directed at the University of Texas Southwestern Medical Center and a second directed at the University of Texas Southwestern "Police Department." The UT Southwestern Police Department is part of UT Southwestern Medical Center, a state agency and institution of higher education organized under the laws of Texas. The UT Southwestern Police Department is not an independent jural entity; therefore UT Southwestern files this motion as to both subpoenas.

The Eleventh Amendment, the Constitution's affirmation of the fundamental principle of sovereign immunity, has long been recognized as a jurisdictional bar to private suits brought in federal court against states and their subdivisions. *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669-70 (1999). "Even in cases where the State itself is not a named defendant, the State's [sovereign] immunity will extend to any state agency or other political entity that is deemed the 'alter ego' or an 'arm' of the State." *Vogt v. Bd. of Commissioners of the Orleans Levee District*, 294 F3d 684, 688–89 (5th Cir. 2002) (citing *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997)); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977).

"[A]bsent waiver by the State or valid congressional override, [sovereign immunity] bars a damages action against a State in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). A waiver of sovereign immunity must be unequivocally expressed in statutory text and will not be implied. *Lewis v. Hunt*, 492 F.3d 565, 570 (5th Cir. 2007). Courts may not enlarge a waiver of sovereign immunity beyond the purview of the statutory language. *Id.* at 570-71. The absence of a waiver of sovereign immunity is a jurisdictional defect that deprives the federal courts of subject matter jurisdiction. *Id.* at 571.

A state agency retains its sovereign immunity, regardless of whether the agency is a party to the suit or a third party. In *Russell v. Jones*, the Fifth Circuit Court of Appeals held that sovereign immunity bars third-party subpoenas like those at issue here. 49 F.4th 507 (5th Cir. 2022). In *Russell*, the plaintiffs dismissed their claims against state district court felony judges after the Fifth Circuit determined that sovereign immunity applied to those state judges. *Id.* at 510-11. After dismissing their claims against the judges, the plaintiffs attempted to serve those same judges with third-party subpoenas duces tecum. *Id.* at 511.

The Fifth Circuit determined that "the indignity that sovereign immunity was designed to prevent may arise *either* when the state is a defendant *or* when its sovereign prerogatives are subjected to individuals through coercive judicial process." *Id.* at 514. "Subpoenas duces tecum are a coercive

judicial process." *Id.* at 515. By compelling a state to produce its papers, a subpoena duces tecum subjects a sovereign to the coercive process of judicial tribunals at the instance of private parties. *Id.* Compelling compliance with a subpoena duces tecum violates the "inviolable sovereignty" retained by the states through the Constitution. *Id.* Sovereign immunity applies to state agencies as third parties, not just defendants, and where it applies, it applies totally. *Id* at 514. "When haled into court on pain of contempt and forced to produce its papers (and litigate about whether it has to), it is no succor to the sovereign that it is not named in the complaint." *Id.* at 515-516.

This is not a new concept. In 1868, the United States Supreme Court said "[states] cannot be subjected to *legal proceedings* at law or in equity without their consent and whoever institutes such proceedings must bring his case within the authority of some act of Congress." *The Siren*, 74 U.S. 152, 154 (1868) (emphasis added).  State agencies are immune from legal proceedings, absent a waiver or consent, regardless of whether the agency is a named defendant or a third-party.

"UTSMC is a public medical institution within the University of Texas System." *Daniel v. Univ. of Texas Southwestern Medical Center*, 960 F.3d 253, 255 (5th Cir. 2020); See also Tex. Educ. Code. § 65.02(a)(7). UTSMC, as an arm of the state of Texas, is entitled to sovereign immunity. *Daniel*, 960 F.3d at 260. Because its police department is a part of UT Southwestern, any subpoena directed towards it is a subpoena directed towards UT Southwestern. Texas' Education Code permits university systems to employ and commission police officers. Tex. Educ. Code. § 51.203(a). The Fifth Circuit, as well as federal district courts within Texas, agree that university police departments are agencies of the state entitled to sovereign immunity. See *Harrell v. Univ. of Houston Police Dept.*, 44 F.3d 1004 (5th Cir. 1995) (per curiam) (affirming the district court's finding that the University of Houston Police Department was a department of a state agency and therefore entitled to sovereign immunity); *Williams v. Univ. of Texas Police Dept.*, No. H-18-3711, 2019 WL 4274376, at *3 (S.D. Tex. Sept. 10, 2019) (finding that the University of Texas Police Department, as a department of the University of Texas, was entitled to sovereign immunity).

UT Southwestern, which includes its police department, is an arm of the state of Texas entitled to sovereign immunity. Its sovereign immunity not only prohibits suits against it, but also prohibits compelling compliance with these subpoenas duces tecum, as it did in *Russell*.

The State of Texas has not consented to suit against itself or its subdivisions in federal court, nor has Congress abrogated Texas and its agencies' sovereign immunity in any way applicable to Plaintiffs' claims. Accordingly, Plaintiffs' third-party subpoenas duces tecum served on UTSMC must be quashed.

### III.   MOTION TO QUASH PLAINTIFFS' SUBPOENAS AS UNTIMELY

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosures under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). When a subpoena duces tecum is served prior to completion of a Rule 26(f) conference without a stipulation or court order, that subpoena is not in compliance with Rule 26(d)(1) and must be quashed. See *Rogge v. Bandera Falls Prop. Owner's Ass'n*, No. SA-07-CA-996-OLG, 2009 WL 10713557, at *3 (W.D. Tex. March 3, 2009) (granting a motion to quash plaintiff's subpoena duces tecum which was served hours before the parties' 26(f) conference).

Here, Plaintiffs originally brought this action against The University of Texas System and John Does #1-10. After Plaintiffs voluntarily dismissed The University of Texas System (ECF No. 10) the only defendants who remain are John Does #1-10, who have not been named or served. There has been no conference as required by Fed. R. Civ. P. 26(f), nor has there been a stipulation or court order authorizing Plaintiffs' subpoenas duces tecum.

In addition to the subpoenas duces tecum served on UTSMC, Plaintiffs served the Dallas Police Department a subpoena duces tecum seeking discovery related to this action.[2]

---

[2] In Plaintiffs' subpoena seeking UTSMC police department records, a footer identifies the recipient as "The City of Dallas Police Department." Undersigned counsel has confirmed service of a

Page | 4

Because the timing mandate established in Fed. R. Civ. P. 26(d)(1) has not been met, any subpoenas duces tecum served on any source must be quashed. This is true not only of the two subpoenas duces tecum served upon UTSMC, but also those served upon any other source, including the Dallas Police Department. For this reason, it is requested that any subpoenas served upon any source relating to this action be quashed for failing to comply with Fed. R. Civ. P. 26(d)(1).

## IV.   REQUEST FOR PROTECTIVE ORDER LIMITING CERTAIN MATERIAL TO "ATTORNEYS' EYES ONLY"

A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. Fed. R. Civ. P. 26(c)(1). The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *Id.* "If the party from whom discovery is sought shows 'good cause,' the presumption of free use dissipates, and the district court can exercise its sound discretion to restrict what materials are obtainable, how they can be obtained, and *what use can be made of them once obtained*." *Harris v. Amoco Prod. Co.,* 768 F.2d 669, 684 (5th Cir. 1985) (emphasis added). "'Attorneys' eyes only' designations are one method courts can utilize in protective orders to prevent disclosure of sensitive information." *Doe on behalf of Thomas v. Sutter*, No. H-19-0430, 2019 WL 1429626, at *2 (W.D. Tex. March 29, 2019).

Here, there is good cause for this Court to issue an "Attorneys' eyes only" protective order prohibiting any discovery identifying medical staff and law enforcement officers who had contact with Mr. Kenneth Knotts on November 29, 2022, from being disclosed to anyone other than Plaintiff's legal representative and their respective legal team. Good cause exists due to the likelihood that, if released to anyone beyond Plaintiffs' counsel, the medical staff and law enforcement officers identified would receive unwarranted threats. Similar threats occurred recently in a case within this

---

subpoena duces tecum with the Dallas City Attorney's Office pursuant to this action. Counsel is unaware if any other subpoenas duces tecum have been served on other third parties.

jurisdiction.[3]

The safety of medical staff and law enforcement officers presents good cause for issuance of a protective order. UTSMC requests this Court order that any discovery obtained in this matter which identifies medical staff and law enforcement officers be limited to Attorney's eyes only.

## V.   PRAYER

UTSMC requests this Honorable Court quash the two subpoenas served upon it by Plaintiffs because UTSMC is an arm of the state and asserts its sovereign immunity. It is further requested that this Court quash any and all subpoenas duces tecum served upon any source as the timing requirements established in Fed. R. Civ. P. 26(d)(1) have not yet been met. Additionally, UTSMC requests this Court enter a protective order restricting to "Attorneys' eyes only" any information that could be used to identify medical staff or law enforcement officers who had contact with Mr. Kenneth Knotts on November 29, 2022.

Respectfully submitted,

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

---

[3] https://www.wfaa.com/article/news/dallas-police-officers-receive-death-threats-after-viral-video-of-in-custody-death/287-8067c53c-f9e2-46cb-a531-ee1466770512

       /s/ TROY MOYER
**TROY MOYER**
Assistant Attorney General
State Bar No. 24135530

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 (Phone No.)
(512) 370-9314 (Fax No.)

**ATTORNEYS FOR THIRD PARTY THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER**

## CERTIFICATE OF CONFERENCE

I, **TROY MOYER**, Assistant Attorney General of Texas, do hereby certify that I have conferred with Plaintiff's counsel, Mr. Geoff Henley, concerning UTSMC's Motion to Quash and Motion for Protective Order. Counsel conferred via email on February 6 and 7, 2024. Plaintiff's counsel opposes both UTSMC's Motion to Quash and Motion for Protective Order.

       /s/ Troy Moyer
**TROY MOYER**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **TROY MOYER**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the foregoing has been served on all parties via electronic servicing on this 7th day of February, 2024.

       /s/ Troy Moyer
**TROY MOYER**
Assistant Attorney General